NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUDITH VANESA ROJAS CHAVARRIA; ALEX JOHN MAZA PRADO; J. S. M. R., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-7841 <br><br> Agency Nos. <br> A246-265-968 <br> A246-265-969 <br> A246-265-970 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2026
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioners, Judith Vanesa Rojas Chavarria ("Rojas Chavarria"), her husband,

Alex John Maza Prado ("Maza Prado"), and their daughter, J. S. M. R., seek review

of a final order of removal issued by the Board of Immigration Appeals ("BIA")

affirming an Immigration Judge's ("IJ") denial of their applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and protection under the regulations implementing the Convention Against Torture. We deny the petition in part, grant in part, and remand.

1. To be eligible for asylum, Petitioners must show they are refugees, unwilling or unable to return to Peru "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). They must show that a protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i).

The record compels the conclusion that Petitioners' political opinion was a central reason for their persecution. Maza Prado testified that he supported Fuerza Popular, a political party that opposed the one supported by Los Rusos, the criminal organization. Maza Prado allowed his neighbors to display advertisements supporting Fuerza Popular on his business. One day, Los Rusos attempted to paint "[p]olitical slangs of the party that they support" on the walls of his business without permission. Rojas Chavarria was struck in the mouth by Los Rusos members when she protested the group's efforts to display "political campaign propaganda" at their restaurant. Her brother, who defended her at the time, was shot in the head a few days later. The IJ found Petitioners' testimonies to these facts credible.

Petitioners' political opinion was therefore at least one central reason for their persecution. The dispute over political advertisements inherently reflects Los

Rusos' knowledge of Petitioners' opposing political opinion: "[s]ociety would naturally 'attribute[] certain political opinions to [Petitioners]' based on" Petitioners' display of political advertisements for Fuerza Popular. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) (quoting *De Valle v. INS*, 901 F.2d 787, 791 (9th Cir. 1990) (first alteration in original)). The timing of the brother-in-law's shooting, shortly after the confrontation, further supports the political nature of their persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 865–66 (9th Cir. 2005) (timing of attacks indicated they occurred on account of a protected ground). To the extent Los Rusos were also motivated by financial gain, "the persecutor's mixed motives do 'not render the opposition any less political, or the opponent any less deserving of asylum.'" *Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1043 (9th Cir. 2008) (quoting *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000)).

Because Petitioners have demonstrated "past persecution on account of statutorily protected grounds at the hands of individuals whom the government was unable or unwilling to control, [they are] entitled to a presumption of a well-founded fear of future persecution." *Singh v. Garland*, 97 F.4th 597, 606 (9th Cir. 2024) (citing *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004)); 8 C.F.R. § 1208.13 (b)(1)(ii). On remand, the BIA must shift the burden to the government to "show by a preponderance of the evidence that the applicant either no longer has a well-founded fear of future persecution in the country of his nationality, or that he can

reasonably relocate internally to an area of safety." *Singh*, 97 F.4th at 606 (quoting *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019)).

2. "A petitioner is entitled to withholding of removal if he can establish a clear probability that his life or freedom will be threatened upon return on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh*, 97 F.4th at 609 (citation modified). "As with asylum, [petitioners] can generate a presumption of eligibility for withholding by showing past persecution." *Hanna v. Keisler*, 506 F.3d 933, 940 (9th Cir. 2007).

Because Petitioners showed past persecution on account of political opinion, there is a presumption of eligibility for withholding of removal. 8 C.F.R. § 208.16(b)(1)(i); *see also Hanna*, 506 F.3d at 940. "This presumption may be rebutted only if the government shows a fundamental change in circumstances or shows by a preponderance of the evidence that the applicant could reasonably relocate within the country of that person's nationality." *Id.* (citing 8 C.F.R. § 1208.16(b)(1)). The burden shifts to the government on remand.

3. We deny Petitioners' applications for asylum and withholding of removal premised on their membership in particular social groups. None of their three proposed groups meets the requirements of immutability, particularity, and distinctness. *See Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024).

4. We also deny Petitioners' application for protection under the regulations implementing the Convention Against Torture. Petitioners have failed to meaningfully raise this issue in their opening brief, thereby waiving it. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

Petitioners' Motion for Stay of Removal [Dkt. Entry No. 26] is granted.

**PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART; REMANDED. The Parties shall bear their own costs on appeal.**